Frost J.
delivered the opinion of the Court.
By the terms of the condition, Whitlock and Sullivan are jointly and severally bound to perform the award which may be made on the matters in dispute that were submitted to arbitration. The claims of the plaintiff against the parties are distinct and personal; so that they are jointly bound to pay whatever sum may be found to be due by either of them. The effect of the condition is to make them mutual sureties. If, by separate bonds, they had jointly and severally bound themselves, for each other, to perform the award, which might be rendered against them respectively, the liability of both to perform such award would be unquestionable. The same stipulations, which would be manifest in separate instruments,are not, at the first view, so apparent when they are expressed in one. But it is clear that, by the terms of the condition, the parties are jointly and severally bound not only to submit to arbitration the claims of the plaintiff against them individually, but also jointly and severally to perform the award which may be rendered on those claims. These being personal, required a separate adjudication against each oí the parties. The award is not performed while any part of the sum adjudged to be due to the plaintiff, by either of them, remains unpaid; and it follows that neither of them is discharged of the penally, until the sum awarded to the plaintiff is paid in full. The effect of the condition of the bond depends more on the just construction of its terms than on authority. The cases of Mansell v. Burridge 7 T. R., 340, and Northumberland v. Elrickson, 5 T. R., 522, are similar in principle to the present, and support the judgment of the Court. The motion is dismissed.